IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00401-BNB

MATTHEW BRADLEY,

    Plaintiff,

v.

DAVID BERKEBILE, Warden,
PATRICIA RANGEL, Unit Manager,
GRANT HUETT, Case Manager,
DEBRA PAYNE, Special Investigative Asent,
KENDRA VARGAS, SIS Technician,
STEPHEN CEDENO, Counselor, and
FEDERAL BUREAU OF PRISONS SENTENCE AND DESTINATIONS UNIT,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Matthew Bradley, is a prisoner in the custody of the Federal Bureau of Prisons at the United States Penitentiary, Administrative Maximum (ADX), in Florence, Colorado. He has submitted *pro se* a Prisoner Complaint (ECF No. 1) pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). He asks for money damages and injunctive relief. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

    The Court must construe liberally the Prisoner Complaint because Mr. Bradley is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated

below, Mr. Bradley will be ordered to file an amended Prisoner Complaint if he wishes to pursue his claims in this action.

Mr. Bradley alleges in the Complaint that Defendants violated his Eighth Amendment rights by allowing Mr. Bradley to be housed at ADX where there is no protective custody unit. Mr. Bradley generally alleges that Defendants are "fully aware" that he needs to be housed in a protective custody unit for protection from prison gang members who want to murder him. However, vague and conclusory allegations that his federal constitutional rights have been violated do not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes those pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff' d*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.

Moreover, in order to state a claim in federal court, Mr. Bradley "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal

participation, Mr. Bradley must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A supervisory official may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id*. at 1199.

Mr. Bradley may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Bradley uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Mr. Bradley will be given an opportunity to cure the deficiencies in his complaint

by submitting an amended prisoner complaint that alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations. The Court will not consider any claims raised in separate attachments, amendments, supplements, motions, or other documents not included in the amended complaint.

Accordingly, it is

ORDERED that Plaintiff, Matthew Bradley, file, **within thirty (30) days from the date of this order**, an amended Prisoner Complaint that alleges the personal participation of each named defendant as discussed in this order. It is

FURTHER ORDERED that Mr. Bradley shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and must use that form in submitting the amended complaint. It is

FURTHER ORDERED that, if Mr. Bradley fails to file an amended Prisoner Complaint that complies with this order within the time allowed, some claims against some defendants, or the entire the Prisoner Complaint and the action, may be dismissed without further notice.

DATED March 3, 2014, at Denver, Colorado.

                                        BY THE COURT:

                                        s/ Boyd N. Boland
                                        United States Magistrate Judge